# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 23-52960 |
| PERFORMANCE RESULTS PLUS, INC., | : | |
| | : | Chapter 11 Subchapter V |
| | : | |
| Debtor. | : | Judge Mina Nami Khorrami |
| | : | |

## MOTION OF CLEAR ENERGY HYDRO, LLC
## FOR RELIEF FROM AUTOMATIC STAY

Now Comes creditor and party in interest Clear Energy Hydro, LLC ("Clear Energy" or "CEH"), by and through its counsel, and hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001 and 6007 and Local Bankruptcy Rule 4001-1. Grounds for this motion are set forth in the memorandum in support that follows.

    Respectfully submitted,

    */s/ Beth M. Miller*
    Beth M. Miller (0072747) Of Counsel
    Fisher, Skrobot & Sheraw, LLC
    471 East Broad Street, Suite 1810
    Columbus, OH 43215
    (614) 233-6950 Telephone
    (614) 233-6960 Facsimile
    bmiller@fisherskrobot.com
    *Counsel for Clear Energy Hydro, LLC*

## MEMORANDUM IN SUPPORT

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

**Bankruptcy Procedural History**

2. The Debtor Performance Results Plus, Inc. ("Debtor") commenced the instant bankruptcy case on August 28, 2023, ("Petition Date"), by the filing of a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code ("Chapter 11") [Doc. 1]. The Debtor has continued to operate its business affairs as a Debtor-in-Possession since that time.

3. On November 30, 2023, Clear Energy filed an unsecured Proof of Claim in the amount of $1,975,232.41, which Proof of Claim was assigned Claim No. 17 on the Claims Register (the "CEH POC"). Clear Energy incorporates the CEH POC and all exhibits by this reference as if fully rewritten herein.

4. On January 5, 2024, the Debtor filed an Objection to the CEH POC ("Claim Objection") [Doc. 95]. On February 1, 2024, Clear Energy filed a Response to the Claim Objection ("Response") [Doc. 111]. On March 13, 2024, the Court held a pre-trial on the Claim Objection and the CEH Response. ("Pre-Trial").

5. In the Claim Objection and during the Pre-Trial, the Debtor asserted that it was never a party to nor an assignee of the Contracts (defined herein as the Contract), it did not acquire or assume any obligations of Rickly, and as such, Clear Energy's claim for damages as set forth in the CEH POC was baseless.

6. In the Response and at the Pre-Trial, Clear Energy asserted that pursuant to the Debtor's actions, it assumed or was otherwise bound by the terms and liable under the Contract. Clear Energy also stated that if mediation was held and was not successful, Clear Energy intended to "move for stay relief in order to continue the summary judgment briefing in the DJ Action (defined herein) for a determination of the underlying issues and then to proceed with arbitration,

2

if appropriate, or appeal of the DJ Action court's determination if necessary, to liquidate damages for the POC." *See* Response, p. 4.

7. Both the Debtor and Clear Energy asserted at the Pre-Trial that there is a threshold issue of whether the Debtor is bound by the terms of the Contract. The Debtor asserted that this Court is the appropriate forum to determine the matter, while Clear Energy asserted it would be more appropriate to proceed with the summary judgment motions in the DJ Action.

8. The Court scheduled a follow up pre-trial for May 29, 2024, in order to provide Clear Energy with sufficient time to file a motion for relief stay. [Docs. 127, 147]. Accordingly, Clear Energy respectfully moves this Court for stay relief as to the DJ Action pending in New York so that the summary judgment briefing can be completed and for a determination on the threshold issue. In the event the threshold issue is decided in Clear Energy's favor, *i.e.*, the Debtor is bound by the Contract and must submit to Arbitration (as defined herein), Clear Energy further seeks stay relief of the Arbitration for liquidation of Clear Energy's damages. After conclusion of the DJ Action, and if applicable, the Arbitration, Clear Energy shall file an amended proof of claim.

**New York Litigation (DJ Action)**

9. Clear Energy and Rickly Hydro Systems, LLC, an Ohio Limited Liability Company ("Rickly") entered into a Master Services Agreement ("MSA")[1] for "the design, construction, installation and commissioning of multiple hydropower system projects at various locations" in New York. Under the MSA, Clear Energy and Rickly entered into two Work Order Contracts ("WOCs"), one for the Burt Dam project in Newfane, New York ("Burt Dam")[2] and another for the Mill Pond Dam project in Leeds, New York ("Mill Pond Dam").[3] The scope of work under the

---

[1] The MSA is attached as Exhibit "A" to Clear Energy's Proof of Claim filed herein on November 30, 2023 and assigned Claim Number 17 on the Claims Register ("CEH POC").
[2] The Burt Dam WOC is attached as Exhibit "B" to the CEH POC.
[3] The Mill Pond Dam WOC is attached as Exhibit "C" to the CEH POC.

3

Burt Dam WOC was for Rickly to design, manufacture, install, and commission a capacity upgrade of turbines, generators, and other systems at the existing site and the Mill Pond Dam WOC was for Rickly to modify and install turbines, generators, gates and other systems to increase annual average power generation. Rickly began work on the projects and materials and equipment were purchased.

10. Subsequently, the Debtor and Rickly[4] entered into an Asset Purchase Agreement ("APA")[5] in which the Debtor acquired nearly all of Rickly's company and assets. Clear Energy asserts that the Debtor then stepped into the shoes of Rickly and continued work on Burt Dam and Mill Pond projects (which the Debtor disputes). In February 2021, the Debtor stopped work and walked off the projects, not only leaving work unfinished but also removing assets that had been purchased with payments made by Clear Energy to Rickly under the MSA and WOCs (collectively, the "Contract").

11. The Contract with Rickly is not listed as an asset excluded from the sale of the company, or retained by Rickly, in the APA. The APA also contains a Consulting, Noncompetition, Non-solicitation and Confidentiality Agreement under which Michael Rickly would continue working for PRP as a consultant. Rickly could not have continued to work on the Mill Pond and Burt Dam projects independently without violating this agreement.

12. A dispute arose between Clear Energy, Rickly and the Debtor regarding the work that was not performed under the Contract and the damages that Clear Energy suffered as a result. The MSA required that any dispute be resolved by arbitration, to be submitted to and resolved by the American Arbitration Association ("AAA").

---

[4] The Asset Purchase Agreement is between the Debtor and Rickly as well as Rickly Hydrological Company, Inc., an Ohio Corporation, and Rickly Hydrological Services, Ltd., an Ohio Limited Liability Company.
[5] The APA is attached as Exhibit "E" to the CEH POC.

13. On or about April 13, 2021, Clear Energy submitted a Demand for Arbitration to AAA ("Arbitration Demand") in connection with the dispute between Clear Energy, the Debtor and Rickly, as any disputes under the Contract were to be submitted to arbitration. A true and accurate copy of the Arbitration Demand is attached hereto as **Exhibit "1"** and incorporated herein by this reference.[6] The Debtor asserted that it had not assumed the Contract and as such, it had no liability to Clear Energy under the Contract and the provision requiring arbitration was inapplicable to any disputes related to the Debtor.

14. As noted in the Debtor's Petition, on September 22, 2022, the Debtor instituted litigation by filing a complaint for declaratory judgment and injunctive relief ("DJ Complaint") against Clear Energy and Rickly, in the New York Supreme Court, Niagara County ("Niagara Court"), [Doc. 1], assigned Index No. E178280/2022 (the "DJ Action"). A copy of the docket for the DJ Action ("DJ Docket") is attached hereto as **Exhibit "2"** and incorporated herein by this reference. A true and accurate copy of the DJ Complaint[7], without the exhibits referenced therein, is attached hereto as **Exhibit "3"** and incorporated herein by this reference.

15. It should be noted that the Debtor originally filed the DJ Complaint in the Franklin County Common Pleas Court on June 21, 2021, assigned Case No. 21CV3841 ("Franklin DJ Action"); however, said action was ultimately dismissed for lack of jurisdiction. Clear Energy filed a motion to dismiss on August 19, 2021 and said motion was granted by the court on June 29, 2022. A true and accurate copy Order and Entry Granting [Clear Energy]'s Motion to Dismiss is attached hereto as **Exhibit "4"** and incorporated herein by this reference. The court held that the events that gave rise to the cause of action between the Debtor and Clear Energy occurred in New

---

[6] The Arbitration Demand is also attached as Exhibit "K" to Clear Energy's Proof of Claim filed herein on November 30, 2023 and assigned Claim Number 17 on the Claims Register ("CEH POC").
[7] The DJ Complaint is No. 1 on the DJ Docket.

5

York and not Ohio and further held no substantial connection to Ohio. Moreover, it will not be Ohio law that is applied to the analysis of this matter, but rather New York law. After the Franklin DJ Action was dismissed, the Debtor commenced litigation in New York.

16. In the DJ Complaint, the Debtor sought a declaratory judgment that: (a) the Debtor is not a party or assignee of the Contract; (b) the Contract is not applicable to the Debtor; (c) the Debtor cannot be found liable to Clear Energy for any alleged breaches under the Contract; (d) the Debtor cannot be compelled to arbitrate; and (e) AAA does not have jurisdiction related to the Debtor for any disputes with Clear Energy. *See* Exhibit "1", DJ Complaint, p. 7, ¶43. The Debtor also sought a preliminary and permanent injunction prohibiting Clear Energy and AAA from compelling arbitration or proceeding with arbitration in relation to the Debor and the Contract. *See id.*, p. 8, ¶49.

17. On November 30, 2022, Clear Energy filed its Answer to the DJ Complaint in the DJ Action ("CEH Answer")[8]. A true and accurate copy of the CHE Answer is attached hereto as **Exhibit "5"** and incorporated herein by this reference.

18. On January 23, 2023, in connection with an Order granting a preliminary injunction prohibiting Clear Energy and Rickly from proceeding with the Arbitration, the court established a tight discovery deadline with narrowed parameters ("PI Order").

19. The parties entered into a Stipulation setting a briefing schedule for summary judgment and said Stipulation was filed on August 8, 2023, wherein the deadline to file summary judgment was set for August 22, 2023, Oppositions and/or Cross Motions set for September 18, 2023 and Reply set for October 4, 2023[9]. Subsequently, the parties filed motions for summary

---

[8] The CEH Answer is No. 38 on the DJ Docket. Rickly did not appear in the DJ Action in the Niagara Court.
[9] The Stipulation is No. 43 on the DJ Docket.

6

judgment asserting their position on whether the Debtor purchased all assets of Rickly and whether the Debtor was bound by the terms and liable under the Contract.

20. On August 22, 2023, Clear Energy filed the following: (a) Affirmation of Jonathan E. Polansky in Support of Defendant Clear Energy's Motion for Summary Judgment ("CEH Affirmation")[10]; (b) Statement of Material Facts in Support of its Motion for Summary Judgment ("CEH Statement of Facts")[11]; (c) Memorandum of Law in Support of Clear Energy Hydro, LLC's Motion for Summary Judgment ("CEH Memo of Law")[12]; and (d) Amended Notice of Motion for Summary Judgment ("CEH Notice")[13]. True and accurate copies of the CEH Affirmation, CEH Statement of Facts, CEH Memo of Law and CEH Notice (collectively, the "CEH MSJ Materials"), all without exhibits referenced therein, are attached hereto as **Exhibits "6" - "9"**, respectively, and incorporated herein as if fully rewritten. The exhibits referenced therein are voluminous and as such, are not attached hereto[14].

21. On August 22, 2023, the Debtor filed the following: (a) Notice of Motion ("PRP Notice")[15]; (b) Affidavit of Michael L. Adkins in Support of Performance Results Plus, Inc.'s Motion for Summary Judgment ("PRP Affidavit")[16]; (c) Attorney's Affirmation in Support of Motion for Summary Judgment ("PRP Affirmation")[17]; and (d) Memorandum of Law in Support of Plaintiff Performance Results Plus, Inc.'s Motion for Summary ("PRP Memo of Law")[18]. True and accurate copies of the PRP Notice, PRP Affidavit, PRP Affirmation, and PRP Memo of Law (collectively, the "PRP MSJ Materials"), all without exhibits referenced therein, are attached

---

[10] The CEH Affirmation is No. 45 on the DJ Docket.
[11] The CEH Statement of Facts is No. 74 on the DJ Docket.
[12] The CEH Memo of Law is No. 75 on the DJ Docket.
[13] The CEH Notice is No. 76 on the DJ Docket.
[14] There are twenty-eight (28) exhibits attached to the CEH Affirmation and are Nos. 46-73 on the DJ Docket.
[15] The PRP Notice is No. 77 on the DJ Docket.
[16] The PRP Affidavit is No. 78 on the DJ Docket.
[17] The PRP Affirmation is No. 87 on the DJ Docket.
[18] The PRP Memo of Law is No. 96 on the DJ Docket.

hereto as **Exhibits "10" - "13"**, respectively, and incorporated herein as if fully rewritten. The exhibits referenced therein are voluminous and as such, are not attached hereto[19].

22. As evidenced by the CEH MSJ Materials and the PRP MSJ Materials, the parties filed affidavits and affirmation authenticating exhibits and deposition transcript excerpts, further evidencing that substantial discovery was conducted by the parties, including but not limited to the depositions of: (a) Adkins, as representative of the Debtor, on May 22, 2023; (b) Matthew Wenger, as representative of Clear Energy, on May 23, 2023; and (c) Michael Rickly, as representative of Rickly, on May 25, 2023 (which also included several exhibits).

23. The DJ Action was stayed before the parties could file their oppositions to the opposing party's motion for summary judgment due to the filing of the Chapter 11 on August 28, 2023. A Notice of Bankruptcy was filed in the DJ Action on August 31, 2023[20]. This is not a case where litigation was pending for a short period of time before the bankruptcy filing with little activity therein. This DJ Action had been pending for ten (10) months and thirty (30) days before the Debtor filed the instant Chapter 11. As evidenced by the attachments and the DJ Docket there was substantial activity in the DJ Action prior to the Petition Date.

24. Clear Energy asserts that the threshold issue in connection with the Claim Objection, whether the Debtor is bound by the terms of the Contract, is the same issue raised in the DJ Action. Clear Energy further asserts that it would be the best use of judicial economy to grant stay relief so that the DJ Action can proceed. As detailed above, the parties completed discovery within the parameters of the PI Order and have each filed a motion for summary judgment. The next stage is for the parties to file their respective oppositions and replies and wait

---

[19] There are eight (8) exhibits attached to the PRP Affidavit and are Nos. 79-86 on the DJ Docket. There are eight (8) exhibits attached to the PRP Affirmation and are Nos. 88-95 on the DJ Docket
[20] The Notice of Bankruptcy is No. 97 on the DJ Docket.

for a decision from the Niagara Court on the threshold issue. While there is no question that this Court is more than capable of determining the threshold issue, Clear Energy asserts that proceeding with the DJ Action in the Niagara Court is the next logical step. The alternative would be to essentially start from scratch in the bankruptcy court, wherein all of the exhibits, affidavits and deposition transcripts would need to be filed for review by this Court. Moreover, discovery for the threshold issue, within in the parameters of the PI Order, was completed in the DJ Action before the parties filed their motions for summary judgment.

25. Clear Energy asserts that this Court has authority to grant stay relief pursuant to 11 U.S.C. § 363(d)(1), which states in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

The Bankruptcy Code provides wide latitude for courts to grant relief from the automatic stay "for cause." *In re Chari*, 262 B.R. 734, 736 (Bankr. S.D.Ohio 2001). While the Bankruptcy Code does not provide a definition of what constitutes sufficient "cause", a bankruptcy court must determine whether sufficient cause exists on a case-by-case basis." *Chari*, 262 B.R. at 737. The Court must weigh the potential harm to the creditor caused by the stay versus the potential prejudice to the debtor, if any, that would be caused by relief from the stay. *See id*. The term "cause" is a broad and flexible concept that permits the bankruptcy court to respond to the fact-sensitive issues before it. *In re Indian River Estates*, 293 B.R. 429, 432 (Bankr. N.D. Ohio 2003).

"In considering cause, the Sixth Circuit has not provided a single test for cause to allow a party to pursue litigation in another court. The Sixth Circuit has suggested various factors, including 'judicial economy, trial readiness, the resolution of preliminary bankruptcy issues, the

creditor's chance for success on the merits, the cost of defense or other potential burden to the bankruptcy estate, and the impact of the litigation on other creditors.'" *In re Tarpenning*, Bankr.S.D.Ohio No. 23-31595, 2023 Bankr. LEXIS 2923, at *5 (Dec. 6, 2023) (internal citations omitted).

26.    Clear Energy asserts that sufficient cause exists for this Court to grant stay relief in connection with the DJ Action and the Arbitration for liquidation of damages.

WHEREFORE, Clear Energy Hydro LLC hereby respectfully requests that this Court enter an order granting relief from the automatic stay imposed by 11 U.S.C. §362(a) so that the DJ Action can proceed as well as the Arbitration for liquidation of damages set forth above and granting such other relief that this Court deems appropriate.

> Respectfully submitted,
>
> */s/ Beth M. Miller*
> Beth M. Miller (0072747) Of Counsel
> Fisher, Skrobot & Sheraw, LLC
> 471 East Broad Street, Suite 1810
> Columbus, OH 43215
> (614) 233-6950 Telephone
> (614) 233-6960 Facsimile
> bmiller@fisherskrobot.com
> *Counsel for Clear Energy Hydro, LLC*

## **NOTICE OF MOTION FOR RELIEF FROM STAY**

Clear Energy Hydro, LLC has filed papers with the Court seeking relief from the automatic stay.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Motion**, you or your attorney must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215 OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) regular U.S. Mail to, the Debtor, Debtor's Counsel, the United States Trustee and

> Beth M. Miller, Esq
> Fisher, Skrobot & Sheraw, LLC
> 471 East Broad Street, Suite 1810
> Columbus, OH 43215

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further notice or hearing.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 29th day of April, 2024, a copy of the foregoing MOTION OF CLEAR ENERGY HYDRO, LLC FOR RELIEF FROM AUTOMATIC STAY AND NOTICE OF MOTION FOR RELIEF FROM STAY was served electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court:

- Pamela Arndt    Pamela.D.Arndt@usdoj.gov
- Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
- James A Coutinho    coutinho@asnalaw.com, doan@asnalaw.com
- John W Kennedy    jwk@columbuslawyer.net
- Dennis J Morrison    dmorrison@parkstreetlg.com, caroline@parkstreetlg.com
- Matthew T. Schaeffer    mschaeffer@baileycav.com, lpatterson@baileycav.com;cmts11@trustesolutions.net;mts@trustesolutions.net
- Myron N Terlecky    mnt@columbuslawyer.net, mlv@columbuslawyer.net

And on the 29th day of April, 2024, upon the following via U.S. Mail, first class mail, postage prepaid and upon the parties on the attached Matrix:

Performance Results Plus, Inc.
P.O. Box 2817
Westerville, OH 43086
*Debtor-In-Possession*

American Express National Bank
Zwicker & Associates, P.C.
80 Minuteman Road
P.O. Box 9043
Andover, MA 01810-1041

Betty L. Collins
Brady Ware & Company
3 Easton Oval, Suite 300
Columbus, OH 43219

Stephen Thompson
Thompson Auctioneers
3519 State Route 235
Fairborn, OH 45324

Xin Wen
34 Grace Drive
Powell, OH 43065

*/s/ Beth M. Miller*
Beth M. Miller (0072747) Of Counsel